AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
Eastern District of Missouri

UNITED STATES OF AMERICA
v.

RYAN GARCIA
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 4:05 CR 464 HEA

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require th detention of the defendant pending trial in this case.

**Part 1 - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state o local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or loca offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for th offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonabl assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions wil reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

A detention order was issued in cause no. 4:05MJ6006. Therefore, defendant appeared with counsel and waived his right to a detention hearing.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by
  ☒ a preponderance of the evidence that    ☐ clear and convincing evidence that

there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community, based on Defendant's waiver and for the further reasons set forth in the PSR. The government's motion for detention is sustained, subject to reconsideration upon motion of the defendant.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The de fendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States o on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United State marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 23, 2005

*David D. Noce*
*Signature of Judicial Officer*

David D. Noce, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 et seq.), (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.) or (c) Section I o A t f S 1 15 1980 (21 U S C §955 )